# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2010

Lyle W. Cayce
Clerk

No. 09-50749
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS MORENO-ROBLES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-679-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Moreno-Robles appeals the 70-month sentence imposed fol-

lowing his guilty plea conviction for illegal reentry after deportation, in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of 8 U.S.C. § 1326.  He argues that the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data.  He also contends that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).  He urges that a lower sentence is sufficient because his life was threatened while living in Mexico, and he returned to the United States only pursuant to his family's request; he spent most of his life living in the United States; and the guidelines effectively double-counted his prior conviction of importation of marihuana by using it to calculate the criminal history score and to increase the base offense level.

As Moreno-Robles concedes, his empirical-data argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  We have rejected the claim that the double counting of criminal history necessarily renders a sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009).

The district court considered Moreno-Robles's request for leniency, but it ultimately determined that the sentence is appropriate.  Moreno-Robles's arguments regarding his upbringing in the United States and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  He has not shown that the sentence is unreasonable and has not rebutted the presumption of reasonableness that attaches to the within-guidelines sentence.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).  Accordingly, the judgment is AFFIRMED.