# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-50979
c/w No. 15-50985
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILFREDO CUELLAR-SUAZO,

Defendant-Appellant

Cons. w/No. 15-50985

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEOMAR QUINTERO,

Defendant-Appellant

—————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-33-1
USDC No. 2:15-CR-920-1

—————————

No. 15-50979
c/w No. 15-50985

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Geomar Quintero[1] pled guilty to illegal reentry of a deported alien. The district court sentenced him above the advisory Guidelines range to 60 months of imprisonment and imposed a three-year term of supervised release. The court also revoked Quintero's term of supervised release and sentenced him below the range recommended by the Guidelines policy statements to six months of imprisonment. The revocation sentence was ordered to run consecutively to the sentence for the illegal reentry conviction.

Now, Quintero challenges the substantive reasonableness of his sentences. He argues that his combined 66-month sentence of imprisonment is greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a) and thus is unreasonable.

Sentences, whether inside or outside the advisory Guidelines range, are reviewed ordinarily for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Quintero did not object in the district court to the substantive reasonableness of the sentence imposed, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). To show plain error, Quintero must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The appellant's true name is Geomar Quintero and that name is used in this opinion.

No. 15-50979
c/w No. 15-50985

The record demonstrates that at sentencing, the district court assessed the facts and mitigating arguments, such as Quintero's age, medical conditions, and childhood, and determined that a sentence within the advisory Guidelines range was insufficient to achieve the sentencing goals set forth in Section 3553(a). After consideration of the advisory sentencing Guidelines range, the policy statements of the Guidelines, and the Section 3553(a) sentencing factors, the court specifically mentioned that the sentence was based on the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence from crime. *See* § 3553(a). The arguments on appeal essentially constitute a disagreement with the district court's weighing of the Section 3553(a) factors and correctness of the sentence imposed. This disagreement does not show error in connection with Quintero's sentence, nor does it show that the sentence imposed was not reasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). We do not reweigh the Section 3553(a) factors and reexamine their relative import, nor will we reverse the district court on the basis that we could reasonably conclude that a different sentence was proper. *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).

As to the extent of the variance, Quintero's 60-month sentence is 14 months greater than the highest sentence in the advisory Guidelines range, and we have upheld greater variances. *See United States v. Key*, 599 F.3d 469, 471–72, 475–76 (5th Cir. 2010); *United States v. Herrera-Garduno*, 519 F.3d 526, 531–32 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441–42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005). Accordingly, given the significant deference that is due a district court's consideration of the Section 3553(a) factors and the district court's explanation

of its sentencing decision, Quintero has not demonstrated that the district court committed error, much less plain error, in imposing the above-Guidelines sentence for the illegal reentry conviction. *See Puckett*, 556 U.S. at 135; *Gall*, 552 U.S. at 50–53.

Additionally, to the extent that Quintero argues that his six-month revocation sentence magnifies the unreasonableness of his 60-month sentence for the illegal reentry offense, a revocation sentence based on a separate conviction has no bearing on the reasonableness of the sentence imposed for the most recent conviction. *See Lopez-Velasquez*, 526 F.3d at 808–09. The six-month revocation sentence was below the range recommended by the policy statements found in Chapter Seven of the Guidelines, as well as the statutory maximum, and the consecutive nature of the sentence is expressly authorized. *See* 18 U.S.C. §§ 3583(e)(3), 3584; U.S.S.G. §§ 7B1.4(a), 7B1.3(f). Quintero has not shown error, much less plain error, regarding his sentence. *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013).

Lastly, we have previously rejected Quintero's arguments that the illegal reentry Guideline is flawed because it lacks an empirical basis, that the presumption of reasonableness should not apply in a case involving Section 2L1.2, that using a prior offense to determine both Quintero's offense level and criminal history category resulted in double counting and an overstatement of the necessary sentence, and that Section 2L1.2 overstates the seriousness of illegal reentry because it is simply an international trespass offense. *See United States v. Moreno-Robles*, 400 F. App'x 913, 914 (5th Cir. 2010); *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The judgments of the district court are AFFIRMED.